UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: FEDLOAN STUDENT
LOAN SERVICING LITIGATION                                    MDL No. 2833


TRANSFER ORDER


**Before the Panel**: Plaintiffs in one Eastern Pennsylvania action move under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Pennsylvania. The motion before the Panel involves six actions pending in four districts, as listed on Schedule A. The Panel also has been notified of four potentially-related actions ("potential tag-along actions") pending in the Eastern District of Pennsylvania and the Middle District of Pennsylvania.[1] Plaintiff in one action supports the motion. Plaintiffs in four actions and potential tag-along actions and defendant Pennsylvania Higher Education Assistance Agency (PHEAA) suggest centralization in the Middle District of Pennsylvania. Plaintiff in one action supports centralization in either the Eastern District or the Middle District of Pennsylvania. The United States defendants[2] oppose inclusion of the claims against them in the Northern District of Ohio *Ford* action in centralized proceedings. They take no position on centralization of any other claims or actions. In their reply, moving plaintiffs agree that the claims against the United States defendants in *Ford* should not be included in centralized proceedings.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions—all of which are putative nationwide class actions—share factual issues concerning allegations that PHEAA harmed participants in Alternative Loan Repayment Programs by extending the duration of borrowers' student loans through various means and/or converting grants to interest bearing loans. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings on class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the claims against the United States defendants in the *Ford* action should be included in centralized proceedings. While PHEAA has been dismissed from all claims in *Ford*, the claims against the United States defendants rely upon PHEAA's alleged misconduct and, therefore, it appears that *Ford* will involve overlapping discovery with the remaining actions.

---

[1]   *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2]   The U.S. Department of Education (DOE) and Elisabeth DeVos, in her official capacity as Secretary of DOE.

A TRUE COPY CERTIFIED FROM THE RECORD
DATED: 6/18/18
ATTEST: Eric Sobicski
DEPUTY CLERK UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-2-

The United States defendants argue that the claims against them are simple, and the question of whether the agreements between the claimants and the United States defendants were breached is a question of law, rather than of fact. This argument misses the point. Whether or not the claims against the United States defendants turn mostly on questions of law, the claims are based on the alleged conduct of PHEAA and will require discovery into PHEAA's treatment of TEACH grant recipients, which will be common to other actions.

We are persuaded that the Eastern District of Pennsylvania is an appropriate transferee forum for this litigation. This district is easily accessible, and is near defendant's headquarters in Harrisburg, Pennsylvania, where witnesses and documents are likely to be located. Four actions already are pending in this district before Judge C. Darnell Jones, II, an experienced transferee judge who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania, and, with the consent of that court, assigned to the Honorable C. Darnell Jones, II for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: FEDLOAN STUDENT
LOAN SERVICING LITIGATION                           MDL No. 2833

## SCHEDULE A

### Northern District of Illinois

ROCKWELL, ET AL. v. PENNSYLVANIA HIGHER EDUCATION ASSISTANCE
AGENCY, C.A. No. 1:18-00367

### Northern District of Ohio

FORD, ET AL. v. PENNSYLVANIA HIGHER EDUCATION ASSISTANCE
AGENCY, ET AL., C.A. No. 5:17-00049

### Eastern District of Pennsylvania

MORRIS, ET AL. v. PENNSYLVANIA HIGHER EDUCATION ASSISTANCE
AGENCY, C.A. No. 2:18-00031
CLANCY v. PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,
C.A. No. 2:18-00753

### Middle District of Pennsylvania

SALVATORE v. PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,
C.A. No. 1:17-00385
GALLAGHER v. PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,
C.A. No. 1:17-02416